IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ALAN H. DUGAN, et al., | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | No. 2:09-cv-5099 |
| | : | |
| TOWERS, PERRIN, FORSTER & CROSBY, INC., et al., | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this 24th day of September, 2013, upon consideration of Plaintiffs' unopposed motion for preliminary approval of the proposed settlement and certification of the settlement class (Doc. No. 211), and for the reasons discussed in the Court's accompanying Memorandum Opinion, it is **ORDERED** that:

1. The terms of this Order shall have the meaning given to them in the August 20, 2013 Stipulation and Agreement of Settlement between the parties, to the extent that they are defined there.

2. Plaintiffs' motion for preliminary certification of the settlement class under F.R.C.P. 23(b)(3) is **GRANTED**. The class is defined as in paragraph 1(d) of the Stipulation and Agreement of Settlement.

3. Named Plaintiffs Alan H. Dugan, Ronald P. Giesinger, Marvin H. Greene, John G. Kneen, John T. Lynch, Bruce R. Pittenger, J. Russell Southworth, C. Roland Stichweh, Jacobus J. Van de Graaf, and John C. Von Hagen (collectively, the "Dugan Plaintiffs"), Dale S. Allen, Candace M. Block, Deborah Dubois,

1

Elizabeth J. Scattergood, and Richard P. Norton (collectively, the "Allen Plaintiffs"), and Alice Pao (the "Pao Plaintiff") are **APPOINTED** as representatives of the settlement class. Additionally, the law firms of Willkie Farr & Gallagher LLP and Berger & Montague, P.C. are **APPOINTED** as class counsel, in accordance with F.R.C.P. 23(g)(1).

4. Plaintiffs' motion for preliminary approval of the proposed Settlement is **GRANTED**, subject to further consideration at the Settlement Hearing provided for in paragraph 11 of this Order.

5. Consistent with the Settlement, to the extent Towers Watson possesses such information and such information can be reasonably gathered and delivered, **within 5 business days from the date of this Order**, Towers Watson shall provide Class Counsel and/or the Claims Administrator, in electronic form, the following information for each former Towers Perrin Principal who retired or otherwise terminated his or her service with Towers Perrin and ceased to be a Principal on or after January 1, 1971 and on or prior to June 1, 2005:

    a. The person's name, last known address, email address(es), and telephone number(s);

    b. The date(s) on which the person became a Towers Perrin Principal (if the person had multiple, non-continuous tenures as a Towers Perrin Principal, the start date of each tenure shall be listed);

    c. The date(s) on which the person ceased to be a Towers Perrin Principal (if the person had multiple, non-continuous tenures as a Towers Perrin Principal, the termination date of each tenure shall be listed);

    d. The total number of Towers Perrin common shares purchased by the person during the person's tenure as a Towers Perrin Principal, excluding any common shares received through the recapitalization of preferred shares into common shares or the

issuing of any stock dividends (if the person had multiple, noncontinuous tenures as a Towers Perrin Principal, the total number of Towers Perrin common shares that the person purchased shall be listed separately for each tenure);

e. The total number of Towers Perrin common shares sold by the person back to Towers Perrin upon the person's termination from service as a Towers Perrin principal, excluding any Towers Perrin common shares that were received through the recapitalization of preferred shares into common shares or the issuing of any stock dividends (if the person had multiple, non-continuous tenures as a Towers Perrin Principal, the total number of Towers Perrin common shares that the person sold upon his or her termination from service as a Towers Perrin Principal shall be listed separately for each tenure);

f. The date(s) on which any shares of Towers Perrin preferred stock owned by the person were converted into shares of Towers Perrin common stock, the number of shares converted on each date, and the rate of conversion for each share;

g. The date(s) on which the person received any stock dividends from Towers Perrin and the number of additional Towers Perrin common shares the person received as a result of the stock dividends issued on each date;

h. Whether the person received, or will receive, any consideration arising from the Merger;

i. Whether the person participated in Towers Perrin's Voluntary Separation Program;

j. Whether the person signed a release of claims in favor of Towers Perrin upon the sale of his or her shares to Towers Perrin and, if so, any consideration paid in exchange for such release;

k. Whether the person worked for Towers Perrin or Watson Wyatt at the time of the Merger; and

l. Whether the person is currently employed by Towers Watson.

6. **Within 20 business days of this Order**, Class Counsel shall cause to be mailed by first-class mail, postage prepaid, the Notice and Proof of Claim form, substantially in the form attached as Exhibits A-1 and A-2 to Plaintiffs' motion, to

any Class member whose address was provided by Defendants under paragraph 5 of this Order, or whose identity and address could otherwise be obtained through reasonable effort. The date of the initial mailing shall be referred to as the "Notice Date." Furthermore, the Notice and Proof of Claim form shall be placed on the website maintained by the Claims Administrator at www.TowersPerrinRetireeLitigation.com.

7. At or before the Settlement Hearing, Class Counsel shall file with the Court proof of compliance with paragraph 6 of this Order.

8. To effectuate the terms of the Notice and Settlement, Class Counsel are authorized to retain Heffler Claims Group, or such other similarly qualified entity as may be required, as Claims Administrator, without further order of the Court. Class Counsel are also authorized and directed to prepare any tax returns required to be filed on behalf of the Settlement Fund and to cause any taxes due and owing to be paid from the Settlement Fund.

9. Class Counsel shall submit their papers in support of final approval of the Settlement, Plan of Allocation, and the application for attorney's fees and reimbursement of litigation expenses **on or before January 15, 2014**, and reply papers to objections, if any, shall be submitted **on or before January 31, 2014**.

10. All Class members shall be bound by all determinations and judgments in this Action, unless they request exclusion from the Class in a timely and proper manner. A Class member seeking exclusion shall mail a written request to the address designated in the Notice, postmarked **on or before January 6, 2014**. The request shall be in the form required by the Notice. Class members who properly

request exclusion shall not be entitled to receive any payment from the Net Settlement Fund.

11. In accordance with F.R.C.P. 23(e)(2), a Settlement Hearing will be held at **10:00 a.m.** on **Wednesday, February 5, 2014**, in **Courtroom 4-B of the United States Courthouse, 601 Market St., Philadelphia, PA 19106**, to determine whether:

    a. This Action should be finally certified as a class action for settlement purposes;

    b. The proposed Settlement is fair, reasonable, and adequate;

    c. The settled claims against the Defendants should be released and dismissed with prejudice, and the Defendants' claims against the Plaintiff Released Parties should be released, according to the Settlement;

    d. The proposed Plan of Allocation of the Settlement proceeds should be approved; and

    e. Class Counsel's application for attorney's fees and litigation expenses should be approved.

12. Any Class Member who has not requested exclusion from the Class may appear at the Settlement Hearing to show cause why the proposed Settlement should or should not be approved as fair, reasonable, and adequate; why the Order and Final Judgment should or should not be entered; why the Plan of Allocation should or should not be approved as fair and reasonable; or why Class Counsel should or should not be awarded attorney's fees and reimbursement of litigation expenses in the amounts sought by Class Counsel with the approval of Plaintiffs. However, no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the Order and Final Judgment to be entered approving the same, the proposed Plan of Allocation, or Class Counsel's application for an award of attorney's fees and payment of expenses unless, **on or**

**before January 22, 2014**, such Class Member has properly and timely served by hand or by first-class mail for receipt by such date by the counsel listed below written objections and copies of any supporting papers and briefs upon Class Counsel and counsel for Defendants as follows:

>Plaintiffs' Class Counsel:
>Francis J. Menton, Jr.
>Willkie Farr & Gallagher LLP
>787 7th Avenue
>New York, NY 10019
>Telephone: 212-728-8000
>
>or
>
>Lawrence Deutsch
>Berger & Montague, P.C.
>1622 Locust Street
>Philadelphia, PA 19103
>Telephone: 215-875-3000
>
>and
>
>Defendants' Counsel:
>Michael L. Hirschfeld
>Milbank, Tweed, Hadley & McCloy LLP
>1 Chase Manhattan Plaza
>New York, NY 10005
>Telephone: 212-530-5000

Any member of the Class may enter an appearance in the Action, at his or her own expense, individually or through counsel of his or her own choice. Class Members who do not enter an appearance will be represented by Class Counsel. Persons or entities who intend to object to the Settlement or Class Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses, and desire to present evidence at the Settlement Hearing must include

in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

13. Any Class member who does not object in the manner prescribed in paragraph 12 of this Order shall be deemed to have waived any objection and shall be forever foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement.

14. In order to be eligible to participate in the Settlement, Class members must follow the procedures prescribed in the Notice and Proof of Claim form. Proof of Claim forms must be postmarked **on or before March 7, 2014.**

15. Pending final determination of whether the Settlement should be approved, all discovery and all proceedings in the Action are stayed, except for proceedings related to the Settlement.

16. If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings held in connection therewith shall be without prejudice to the status quo ante rights of the parties to the Stipulation, except as otherwise set forth in the Stipulation.

17. The administration of the proposed Settlement and the determination of all disputed questions of law and fact with respect to the validity of any claim or right of any person or entity to participate in the distribution of the Net Settlement Fund shall be under the authority of this Court.

18. Pending final determination of whether the Settlement should be approved, Plaintiffs and all Class Members, and each of them, and anyone who acts or

purports to act on their behalf, shall not institute, commence, or prosecute any action that asserts Settled Claims against the Defendant Released Parties.

19. Pending final determination of whether the Settlement should be approved, Defendants, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, or prosecute any action that asserts Released Defendants' Claims against the Plaintiff Released Parties.

**BY THE COURT:**

/s/ Mitchell S. Goldberg

_____
**MITCHELL S. GOLDBERG, J.**